This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 34,552**

**RICHARD GIPSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant Richard Gipson ("Defendant") was convicted of thirty-five counts of criminal sexual contact of a minor, twelve counts of criminal sexual penetration of

a minor, and two counts of bribery or intimidation of a witness resulting in a final judgment and sentence in 2008. [RP 242-48] Defendant timely appealed from that judgment and sentence, resulting in an opinion of this Court affirming his convictions in 2009. *See State v. Gipson*, 2009-NMCA-053, ¶ 1, 146 N.M. 202, 207 P.3d 1179. Since then, Defendant filed a motion to amend his judgment and sentence and the district court has held a hearing on that motion, although it does not appear that Defendant's sentence was amended as a result, and no other order of the court appears in the record following that hearing. [RP 591-98, 605] Defendant then filed this appeal challenging his original convictions, as memorialized in the 2008 judgment and sentence. [DS 3] Our calendar notice proposed to dismiss Defendant's appeal as untimely. [CN 2-3] Defendant has filed a memorandum in opposition to that proposed summary judgment. Having duly considered that memorandum, we now dismiss.

{2} Defendant's memorandum in opposition asserts that his present appeal was taken "within thirty days of the last action taken in his case with respect to the judgment and sentence, [which] is the district court's hearing as to his motion to correct his judgment and sentence." [MIO 6] As we noted in our calendar notice, however, Defendant is not appealing anything that happened at that hearing. [CN 2] Indeed, it is unclear from Defendant's docketing statement, the record proper, or from Defendant's memorandum in opposition what, if anything, even happened at that

hearing. The fact that Defendant has not informed this Court of any appealable action of the district court flowing from that hearing demonstrates that Defendant is not attempting to appeal anything that happened at that hearing and we are not persuaded that the mere occurrence of a hearing entitles Defendant to a second appeal of his convictions.

{3}     Defendant also asserts that his appeal is timely because that hearing was "intended to finalize his judgment and sentence." [MIO 6] We are not persuaded by that assertion. Defendant's judgment and sentence were final when originally entered in 2008, otherwise Defendant would not have been entitled to an appeal at that time. And, of course, Defendant was not merely entitled to an appeal back then, he actually pursued an appeal. This Court heard that appeal and affirmed the convictions that Defendant now seeks to challenge. *See Gipson*, 2009-NMCA-053.

{4}     Because the judgment and sentence at issue in this case was final more than seven years ago, Defendant's notice of appeal that was filed on March 20, 2015, is untimely. As a result, we dismiss this appeal as untimely filed.

{5}     **IT IS SO ORDERED.**

_____
                                        **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

3

**MICHAEL E. VIGIL, Chief Judge**

**J. MILES HANISEE, Judge**